ROBERT P. MALLORY (SBN 048287)
rmallory@mwe.com
FRANCISCA M. MOK (SBN 206063)
fmok@mwe.com
JASON STRABO (SBN 246426)
jstrabo@mwe.com
McDERMOTT WILL & EMERY LLP
2049 Century Park East, Suite 3800
Los Angeles, CA  90067-3218
Telephone:   310.277.4110
Facsimile:    310.277.4730

Attorneys for Defendant
WALGREEN CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| NATHAN THOMS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO., an Illinois Corporation; and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:08-cv-01649-JAM-DAD<br><br>**PUTATIVE CLASS ACTION**<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

(CASE NO. CV 08-01649-JAM (DAD))

PDF created with pdfFactory trial version www.pdffactory.com

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff Nathan Thoms and defendant Walgreen Co. (hereinafter collectively referred to as "the Parties" or individually as a "Party"), by and through their counsel of record, herein stipulate to the entry of a Protective Order, as follows:

**IT IS HEREBY ORDERED THAT:**

**1.     PROCEEDINGS AND FORM OF INFORMATION GOVERNED**

This Protective Order shall govern any document, data, electronic file, information, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony, exhibits, or other thing which is designated as containing "Confidential Information," as defined herein, and is furnished in connection with the above captioned action ("Action") by any person or entity (the "Producing Party") to any other person or entity, whether in response to a discovery request, subpoena or otherwise ("Receiving Party"), whether the person or entity producing or receiving the Confidential Information is a party to this litigation.

**2.     DEFINITION OF CONFIDENTIAL INFORMATION**

a.     The term "Confidential Information" means information constituting or containing trade secrets; confidential or proprietary research, development or commercial information; those portions of non-public contracts that contain information of a proprietary nature; non-public business policies or practices; competitively sensitive research, analysis or development information; information concerning the structure and operation of internal information or computer systems;  non-public financial data; information that is of a similar proprietary nature to that listed above; and certain private personal and sensitive documents or records or data identifiers including but not limited to those set forth in Civil Local Rule 39-140.

b.     The scope of this Order shall be understood to encompass not only those items or things which are expressly designated as Confidential Information, but also any items or things derived therefrom, and all copies, excerpts, and summaries thereof.

- 2 -

(CASE NO. CV 08-01649-JAM (DAD))

PDF created with pdfFactory trial version www.pdffactory.com

**3.     DESIGNATION OF CONFIDENTIAL INFORMATION**

a.     Any information produced in this action that is believed in good faith by the Producing Party after an appropriate investigation to contain Confidential Information may be designated as "CONFIDENTIAL." In addition, if any material provided by a third-party contains information that may be considered to be Confidential Information of any Party, that Party may designate such information as "CONFIDENTIAL."

b.     The designation of Confidential Information shall be made at the following time:

(1)     For documents and things, at the time of the production of the documents or things. However, in the event a Producing Party elects to produce documents and things for inspection by a Receiving Party, no designation need be made prior to the inspection. For purposes of the inspection, all documents shall be considered "CONFIDENTIAL." Upon a request for copying, the Producing Party shall designate such documents with the appropriate confidentiality marking.

(2)     In the event documents or things responsive to a subpoena properly issued and served on a non-Party to this action may contain material which may be subject to designation by a Party pursuant to ¶3(a) of this Order, the Party may notify the other parties of its belief, in which case all documents produced in response to the subpoena shall be considered CONFIDENTIAL.

(3)     For written responses to interrogatories or requests for admissions, at the time of the written response;

(4)     For declarations and pleadings, at the time of the filing or service of such declaration or pleading;

(5)     For deposition testimony, at the time of the testimony (see ¶ 8(c)(2)) or in writing within thirty (30) days after receipt by the Producing Party of the transcript of the deposition; and

(6)     For any statement (other than deposition testimony) within the scope of ¶ 2(b), in writing within ten (10) business days after such statement is made.

- 3 -

(CASE NO. CV 08-01649-JAM (DAD))

PDF created with pdfFactory trial version www.pdffactory.com

      c.     The designation of Confidential Information pursuant to ¶3(a) shall be made in the following manner:

          (1)    For documents, by placing the legend "CONFIDENTIAL" on each page of such document;

          (2)    For tangible objects, by placing a label or tag on the object or the container thereof, or if not practicable, as otherwise agreed;

          (3)    For any CD-ROM, DVD, disk or other electronic, magnetic or digital storage medium, by placing a label or tag on the medium and the container thereof;

          (4)    For written responses to interrogatories or requests for admissions, on the face of any such responses;

          (5)    For declarations or pleadings, on the face of any such declaration or pleading; and

          (6)    For depositions, following the procedure set forth in ¶ 8(c)(2) or in writing, by identifying the page and line numbers being so designated, within thirty (30) days after receipt of the final transcript of the deposition.

      d.     It shall be the duty of the Party seeking protection of Confidential Information to indicate to the Receiving Party and its attorneys of record which of the materials and testimony it considers Confidential Information.

**4.**     <u>**RESOLUTION OF DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION**</u>

      a.     Any objection to a designation shall be in writing, sent to the Producing Party, and shall state the reasons for the objection and the purpose for which the objecting party intends to use the materials in question.  The parties involved shall attempt to negotiate an informal resolution of the dispute in compliance with Local Rule 37-251 as appropriate.

      b.     If attempts at an informal resolution of any dispute prove unsuccessful, the Party objecting to the designation may file with the Court a regularly noticed motion, in full compliance with the procedures set forth in Local Rule 37-251, to remove the

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

PDF created with pdfFactory trial version www.pdffactory.com

"CONFIDENTIAL" designation.  Material designated "CONFIDENTIAL" which is subject to a dispute shall remain so designated and shall be treated in accordance with such designation pending further order of the Court.  This Protective Order does not alter the burden imposed by law on any Producing Party seeking to uphold any limitation on the production or dissemination of materials.  Failure to challenge the designation shall not be construed as an admission that the material was properly designated "CONFIDENTIAL."

   c. Information that is in the public domain is not subject to this Protective Order. Any information which prior to disclosure hereunder is either (i) in the possession or knowledge of a Receiving Party who, absent this Order, is under no restriction with respect to the dissemination of such Confidential Information, or (ii) is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a Receiving Party, shall be deemed to be in the public domain. Any dispute regarding whether documents or information are in the public domain shall be resolved in accordance with Paragraphs 4(a)-(b), supra. Notwithstanding the foregoing, disclosure subject to a confidentiality order in a prior action does not mean that information is in the public domain.

**5. ACCESS TO "CONFIDENTIAL" INFORMATION**

   a. Access to information marked "CONFIDENTIAL" shall be limited to, and only to, the following "qualified persons":

    (1) Any employee or representative of the Producing or Receiving Party, or the author, addressee or contemporaneous recipient of the document.

    (2) Outside attorneys of record for the Parties in this action who are actively engaged in the conduct of this litigation and, if the attorney is a member of a law firm of record, the employees and staff of the law firm who are actively responsible for assisting in the preparation, trial or appeal of this Action and organizations retained by law firms or attorneys of record to any Party to provide litigation support and/or jury consulting services in this Action.

PDF created with pdfFactory trial version www.pdffactory.com

   (3) Designated in-house counsel at Walgreen Co., and their paralegal and support staff who are actively involved in the assertion of claims or defenses in this Action, but only for such purposes.

   (4) Independent experts and consultants retained in this Action by the attorneys of record, and their employees and staff who are responsible for assisting in the preparation, trial or appeal of this action, insofar as the attorneys of record may deem it necessary for the preparation or trial of this Action to consult with such experts or consultants.

   (5) The Court and court officials involved in this litigation, court reporters, persons operating video recording equipment, court clerks, and any special master appointed by Court.

   (6) Subject to the specific limitations set forth in paragraphs 7 and 8 below, any witness or person from whom testimony is taken, except that such persons may only be shown copies of Confidential Information during his or her testimony, and may not retain any Confidential Information;

   (7) Any named plaintiff;

   (8) Any Walgreen Co. employees outside of the Walgreen Co. Legal Department; and

   (9) Such other persons as hereafter may be designated by written agreement of the Parties involved or designated by the Court in the interests of justice.

 b. All materials containing Confidential Information marked "CONFIDENTIAL" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

**6.   ADDITIONAL DESIGNATION**

 a. If a Producing Party believes that the provisions of this Protective Order will not adequately protect certain Confidential Information, that Producing Party may move the Court for an order providing additional or different protections for such Confidential Information.

- 6 - (CASE NO. CV 08-01649-JAM (DAD))

PDF created with pdfFactory trial version www.pdffactory.com

**7.    DISCLOSURE OF CONFIDENTIAL INFORMATION**

a.    All individuals to whom Confidential Information is to be disclosed shall be informed of the existence of this Order, shall be provided with a copy thereof and shall be instructed that such material may not be used other than in connection with this litigation and may not be disclosed to anyone other than persons contemplated by this Order.

b.    Before any document, information or material designated as Confidential Information is disclosed to any person identified in ¶¶5(a)(1), (4), (6). (7) or (8), such person shall execute a copy of the Declaration attached hereto as Exhibit A.

c.    With respect to independent experts and consultants described in ¶ 5(a)(4), a Receiving Party shall obtain and keep a copy of the Declaration signed by the person to whom Confidential Information designated as "CONFIDENTIAL" is disclosed. It shall be the obligation of the Receiving Party and its counsel to obtain and maintain copies of such Declarations, though such Declarations executed by a non-testifying expert or consultant shall not be discoverable while the Action is pending.

**8.    USE OF CONFIDENTIAL INFORMATION**

a.    Use of Confidential Information Generally.

The Parties agree to use Confidential Information only within the context of the Action (including appeals and retrials)  and as an aid to resolving the claims alleged in the Action.  Confidential Information shall only be used or disclosed as provided for in this Order.

b.    Production of Confidential Information Pursuant to Subpoena or Court Order.

The Parties agree that if a Party is subpoenaed or otherwise required by law or order of a governmental or judicial body to release Confidential Information to which it has gained access under the terms of this Protective Order in a proceeding other than this Action, the Party so required shall notify the Producing Party in writing within three (3) business days of receipt of actual notice or within three (3) business days of the determination that the Confidential Information is required to be released or within three

- 7 -    (CASE NO. CV 08-01649-JAM (DAD))

PDF created with pdfFactory trial version www.pdffactory.com

(3) business days prior to such release, whichever is sooner, to permit the Producing Party sufficient opportunity to contest the release.  The party who is required by law or order to release Confidential Information shall not take an adverse position to such Producing in contesting the release.

      c.     Use of Confidential Information in Conduct of Action

          (1)    A deponent may, during the deposition, be shown and examined about "CONFIDENTIAL" documents if there is sufficient testimony on the record to establish that the deponent already knows the Confidential Information contained therein or if the examining party complies with the provisions of ¶ 7(b). Deponents shall not retain any exhibits designated "CONFIDENTIAL" or copy portions of the transcript of their depositions that contain Confidential Information.  A deponent who is not a Party or a representative of a Party shall be furnished a copy of this order before being asked to produce potential Confidential Information.

          (2)    At any deposition, upon any inquiry with regard to the content of a document marked "CONFIDENTIAL," or when counsel for a Party deems that the answer to a question may result in the disclosure of Confidential Information of his or her client within the meaning of this Order, counsel for the Party whose Confidential Information is involved, at his or her option, in lieu of taking other steps available in such situation, may direct that the questions and answers be transcribed separately from the remainder of the deposition. When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in ¶¶ 5 through 7 hereof and the information contained therein shall not be used for any purpose other than as provided in this Order. In addition, when such a direction has been made, the separate volume of the deposition shall be identified on its face as containing information which has been designated "CONFIDENTIAL." Counsel for the Producing Party whose Confidential Information is involved may also request that all persons other than the reporter, counsel and individuals authorized under ¶¶ 5 through 7 hereof leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply

- 8 -

(CASE NO. CV 08-01649-JAM (DAD))

PDF created with pdfFactory trial version www.pdffactory.com

1  with a request to leave the deposition shall constitute substantial justification for counsel
2  to suspend the deposition while assistance of the Court is obtained.

3           (3)   Subject to the Federal Rules of Evidence, "CONFIDENTIAL"
4  documents and other Confidential Information may be offered in evidence at any court
5  hearing, provided that the proponent of the evidence gives three (3) business days'
6  advance notice to counsel for any party or other person that designated the information as
7  Confidential Information.  The Producing Party has the option to request that the
8  proceeding shall be conducted out of the presence of all unqualified persons and any
9  transcript relating thereto shall, subject to the Court's approval, be designated as
10 Confidential Information and maintained under seal.  If the requested is refused, then the
11 Producing Party shall have the option to request the opportunity for a brief stay to address
12 the matter with the Court.

13          (4)   A Party who lodges or files any paper, pleading, exhibit, or other
14 document containing Confidential Information shall, pursuant to Local Rule 39-141,
15 present an application to file the document under seal, and shall state on the first page of
16 the document containing such Confidential Information that the document contains
17 Confidential Information and is submitted with an application that the confidential
18 portions of the document be filed under seal.  Any documents that is filed in opposition or
19 reply to any such sealed document and discusses, describes or quotes any portion of the
20 contents of the sealed document shall itself be filed with an application that the
21 confidential portions of the document be filed under seal.  All documents filed in
22 connection with any motion or proceeding related to compliance with, performance under,
23 or construction or violation of this Protective Order shall be filed with an application that
24 the document be filed under seal.  Motions made at trial while the parties are physically
25 present upon the making of the motion and able to designate matters contained in these
26 motions as "CONFIDENTIAL", need not be initially filed under seal, however this
27 provision shall be without prejudice to the parties' ability to designate matter contained in
28 those motions as Confidential Information, as appropriate.  Where a party intends to use

- 9 -

(CASE NO. CV 08-01649-JAM (DAD))

PDF created with pdfFactory trial version www.pdffactory.com

Confidential Information in support of a dispositive motion and objects to the designation of the materials as such, those materials shall be identified in the Local Rule 37-251 Conference so that the parties can either reach a stipulation concerning their handling on the motion or obtain a determination from the Court, on an ex parte basis or otherwise, concerning the sealing of the documents prior to the filing of the dispositive motion.

**9.  NOTICE**

Unless otherwise stipulated by the Parties, any notice required by this Protective Order shall be made by actual or written notice to all counsel of record for the Party to whom such notice is due.

**10.  PRODUCING PARTY'S OWN INFORMATION**

The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information by a Receiving Party. Each Party is free to do whatever it desires with its own Confidential Information.

**11.  RENDERING ADVICE TO CLIENTS**

Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Information produced or exchanged. In rendering such advice, an attorney may convey to his client the attorney's evaluation in a general way of Confidential Information designated as "CONFIDENTIAL" by a Producing Party; provided however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose or paraphrase the specific contents of any such Confidential Information received from another Producing Party if that disclosure would be contrary to the terms of this Protective Order.

**12.  NO WAIVER**

Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

PDF created with pdfFactory trial version www.pdffactory.com

obtain protection or relief in this Action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary or entitled to particular protection.

### 13. TERMINATION OF ACTION

Upon written demand by the Producing Party, within ninety (90) days of the final disposition of the Action, whether by judgment and exhaustion of all appeals, or by settlement, each Party:

(1) Shall destroy or return to the Producing Party, or its attorney of record, all documents or information designated "CONFIDENTIAL" in their possession, custody or control or in the possession, custody or control of its attorneys or their staff;

(2) Shall ensure that all Confidential Information in the possession, custody or control of their experts and consultants, is destroyed or returned to the Producing Party, or its attorney of record;

(3) Shall destroy all notes, memoranda or other documents which contain excerpts from any of the Confidential Information; and

(4) Shall deliver to the Producing Party, or its attorney of record, written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance. Upon receipt of a notice of non-compliance, the Producing Party may make application to the Court for such further order as may be appropriate.

Notwithstanding the foregoing, a Receiving Party may retain copies of any material containing or comprising Confidential Information which was filed with the Court or created in connection with depositions in this Action, including any such material contained within or submitted with or made exhibits to any pleadings, discovery, or depositions filed, served and/or taken in this action.

### 14. ENFORCEMENT OF THIS PROTECTIVE ORDER

This Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this Action.

PDF created with pdfFactory trial version www.pdffactory.com

However, the terms of this Protective Order shall not govern the treatment of material or information at any trial in this action. The parties are to meet and confer regarding a proposal for the treatment of Confidential Information at trial.

### 15. MODIFICATION OF THIS PROTECTIVE ORDER

a. At any time, any Party or affected person may move the Court, upon notice, for relief from the terms of this Protective Order or for imposition of additional protections with respect to any specified material.

b. Nothing in this Protective Order shall be construed to prohibit any Producing Party to the Action from seeking relief from any inadvertent or unintentional disclosure of Confidential Information, and privileged or work product information.

### 16. MISCELLANEOUS

a. All parties to the Action agree to take all reasonable precautions to prevent the disclosure, except as allowed herein, of any Confidential Information. In the event that materials designated or treated as Confidential Information are disclosed to someone not authorized to receive such information under this Protective Order, counsel of record shall, promptly upon learning of such disclosure, give notice to counsel of record for the Producing Party and shall describe the circumstances surrounding the unauthorized disclosure to the extent known.

b. The inadvertent production of documents for inspection and/or copying shall not constitute a waiver of the right to claim in the Action or thereafter that said documents are confidential, privileged or otherwise nondiscoverable.

c. Notwithstanding anything to the contrary contained herein, all objections as to the admissibility in evidence of the material subject to this Protective Order are reserved and are not waived in any respect by any terms of this Protective Order.

d. If any Party to the Action agrees to produce documents or information

- 12 -

(CASE NO. CV 08-01649-JAM (DAD))

PDF created with pdfFactory trial version www.pdffactory.com

informally in the Action, without reference to one of the methods of discovery authorized by the Federal Rules of Civil Procedure, the terms of this Protective Order shall apply.

**IT IS HEREBY STIPULATED AND AGREED.**

Dated: November 4, 2008

McDERMOTT WILL & EMERY LLP
ROBERT P. MALLORY
FRANCISCA M. MOK
JASON D. STRABO


By: /s/ Francisca M. Mok
FRANCISCA M. MOK
Attorneys for Defendant
WALGREEN CO.

Dated: November 4, 2008

LINDSAY & STONEBARGER
JAMES M. LINDSAY
GENE J. STONEBARGER


By: /s/ James M. Lindsay
JAMES M. LINDSAY
Attorneys for Plaintiff NATHAN THOMS
.

PDF created with pdfFactory trial version www.pdffactory.com

# **O R D E R**

The Court having read and reviewed the attached "Joint Stipulation And Protective Order Regarding Confidential Information" hereby approves of it and orders the Parties to be bound by its terms.

**IT IS SO ORDERED:**

Dated: November 5, 2008       /s/ John A. Mendez_____
                              The Honorable John A. Mendez
                              UNITED STATES DISTRICT COURT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| NATHAN THOMS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO., an Illinois Corporation; and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  2:08-cv-01649-JAM-DAD<br><br>**PUTATIVE CLASS ACTION**<br><br>**EXHIBIT A TO JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

  I hereby acknowledge that I have received a copy of the Protective Order Regarding Confidential Information ("Protective Order") entered in the above entitled Action. I have read the Protective Order, and I fully understand that disclosures of documents and information designated as Confidential Information under the Court's Protective Order may constitute contempt of Court. I recognize that I am bound by the terms of that Protective Order, and I agree to comply with those terms. I agree not to disclose Confidential Information designated under order as "CONFIDENTIAL" to any person not entitled to access to such Confidential Information.

  I further agree to use any Confidential Information only in connection with this Action, and not for any other purpose.

  At the end of this litigation, or my involvement in this litigation, whichever occurs first, I will return to counsel for the Party from whom I received Confidential Information

- 15 -

(CASE NO. CV 08-01649-JAM (DAD))

PDF created with pdfFactory trial version www.pdffactory.com

all Confidential Information that has come into my possession, custody or control during the course of this litigation.

Executed this _____ day of _____, 200[  ], at

_____, _____.

_____

Signature

Please print the following information:

_____

Name:

_____

Company Name:

_____

Business Address:

_____

Business Telephone Number:

_____

LAS99 1702650-1.007341.0046

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

PDF created with pdfFactory trial version www.pdffactory.com